UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SYNICO STAFFING, LLC | ) | Bankruptcy #16-43471 |
| | ) | |
| | ) | Chapter 11 Bankruptcy Case |
| | ) | |

NOTICE OF HEARING ON
MOTION TO DISMISS OR CONVERT CASE TO CHAPTER 7

TO:  The debtors, all creditors and other parties in interest:

The United States Trustee has brought a motion before the court seeking either a dismissal of this case or a conversion of the case to one under chapter 7.

The court will hold a hearing on this motion before the Honorable William J. Fisher, U.S. Bankruptcy Judge, at 1:30 p.m. on Tuesday, April 18, 2017, in Courtroom No. 2B, Warren E. Burger Federal Building and United States Courthouse, at 316 North Robert Street, Saint Paul, MN 55101.

Any response to this motion must be filed and delivered not later than April 13, 2017, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

Dated: _____          CLERK OF BANKRUPTCY COURT

By:  _____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: ) | |
| ) | |
| SYNICO STAFFING, LLC ) | Bankruptcy #16-43471 |
| ) | |
| ) | Chapter 11 Bankruptcy Case |
| ) | |

NOTICE OF HEARING AND
MOTION TO DISMISS OR CONVERT CASE

TO:  The debtors and other entities specified in Local Rule 9013-3.

1.  Daniel M. McDermott, the United States Trustee, by his undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

2.  The court will hold a hearing on this motion before the Honorable William J. Fisher, U.S. Bankruptcy Judge, at 1:30 p.m. on Tuesday, April 18, 2017, in Courtroom No. 2B, Warren E. Burger Federal Building and United States Courthouse, at 316 North Robert Street, Saint Paul, MN 55101.

3.  Any response to this motion must be filed and delivered not later than April 13, 2017, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, FED. R. BANKR. P. 5005 and Local Rule 1070-1.  The United States Trustee has standing to file this motion pursuant to 28 U.S.C. §586(a) and 11 U.S.C. §307.  This matter constitutes a core proceeding.

5. This case was commenced by the filing of a voluntary petition for relief under chapter 11 on November 28, 2016. The case is now pending before this court.

6. This motion arises under 11 U. S. C. §1112(b) and FED. R. BANKR. P. 1017 and 2002. This motion is filed under FED. R. BANKR. P. 9014 and Local Rules 9013-1 through 9013-3. Movant requests that this case be dismissed or converted to a case under chapter 7, preferably converted to chapter 7 so that a chapter 7 trustee can review all transactions incurred during the time this case has been pending under chapter 11.

7. Pursuant to 11 U.S.C. §1112(b), the Court may dismiss or convert a chapter 11 case for cause after notice and a hearing. Section 1112(b)(4) states that cause for dismissal or conversion to chapter 7 includes, among other things:

>    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>    (B) gross mismanagement of the estate;
>    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
>    (E) failure to comply with an order of the court;
>    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
>    (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee . . . .
>    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
>    (J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court,
>    (K) failure to pay any fees or charges required under chapter 123 of title 28;
>    (L) revocation of an order of confirmation under section 1144 ;
>    (M) inability to effectuate substantial consummation of a confirmed plan;
>    (N) material default by the debtor with respect to a confirmed plan;
>    (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
>    (P) failure of the debtor to pay any domestic support obligations that first becomes payable after the date of the filing of the petition.

FACTS

8. The Debtor filed its voluntary petition commencing this case under chapter 11 on November 28, 2016. The debtor is in the "temporary staffing" business, hiring and placing employees into other businesses, including U.S. Bank, and other employers.

9. At the §341(a) meeting, on January 5, 2017, and the debtor's president, Robert Marsh, appeared and testified. Mr. Marsh testified, *inter alia,* that the debtor had financial problems due to a dispute with a company called Bartech, which is owned by Bar Pellam, and that Bartech provides "vendor management services" to the debtor. Mr. March further testified regarding a company called Syglo, which was engaged in a similar business, was owned by his brother Jerry Marsh, had dealings with this debtor, and that Syglo is now in a chapter 7 case (Minn. Bky. Case #16-42494)

10. According to the debtor's bankruptcy schedules, People's Bank Midwest has a first blanket security interest in the debtor's assets and is owed $1,796,438.46.

11. The debtor's bankruptcy schedules also show the debtor owes the Internal Revenue Service (IRS) a total of $1,384,269.96. The IRS filed a proof of claim in that same amount (claim #2). The debtor's schedules also show it owes "Iowa Workforce Development" $105,000.00 for workers' compensation insurance. The debtor's schedules also show it owes the Minnesota Department of Revenue (MDR) $2,220.96, although the MDR filed claim #1 in the amount of $9,693.95. The Minnesota Department of Economic Development also filed a claim for $83,071.00. According to the debtor's schedules the total of priority claims is $1,491,490.92 (Doc. #35, p. 18 of 31, at ¶5a). Total unsecured claims are an additional $2,000,882.57. *Id.* at ¶5b.

12. The debtor has filed monthly operating reports (MORs) with the court. According

to the report for the month ending December 31, 2016, the debtor had net loss from operations of -$76,095.00. The January 2017 MOR shows that the debtor had a net loss from operations of -$16,032.00. See attached Exhibit A (select pages of the sworn MORs).

13. Debtor's counsel, Steven B. Nosek and Yvonne Douse, filed a motion to withdraw as counsel to the debtor on February 13, 2017 (Doc. #76). That motion is now set for hearing on March 15, 2017. In that motion, it is alleged that counsel and the debtor "fundamentally disagree how the chapter 11 reorganization should go forward", and "fundamentally disagree what and how the adversary proceeding filed by the debtor against Bartech (Adv #16-04139) should go forward". That verified motion goes on to allege "the debtor has not and is not cooperating with its counsel . . . ", and "The debtor has regularly failed to respond to emails sent to it by counsel". The motion also states: "Counsel for the debtor and the debtor are unable to agree whether debtor in this case can be successfully reorganized", and that the debtor's "court authorized accountant has quit due to his inability to be paid for services . . .". At the time this motion to dismiss is heard, it appears that the status of debtor's current counsel will be resolved.

14. On March 1, 2017, BarPellam filed a motion seeking relief from the automatic stay (Doc. #91). That motion seeks to allow BarPellam to terminate "master services" agreements with the debtor under which Bartech obtains employees from the debtor for temporary staffing placements. BarPellam basis for seeking relief from the stay is, *inter alia*, the tax liens on debtor's assets which is alleged by BarPellum to be a violation of debtor's agreement with BarPellam to stay current on all tax obligations. Termination of the agreement with BarPellam will, on information and belief, severely impede the debtor's ability to do business going forward. At the time this motion is heard, BarPellam's motion for relief from stay will have been heard and, if successful, will on information and belief, severely impeded the debtor's

ability to continue running its business.

15. On March 28, 2017, the court is scheduled to hold a continued hearing on the debtor's use of the cash collateral of People's Bank Midwest (Peoples). On information and belief, Peoples has objected to the debtor's continued use of cash collateral (Doc. #57) because the debtor's collateral had diminished to the point where Peoples claims it is not adequately protected, and because the debtor allegedly cannot generate sufficient new accounts receivable to create new receivables. Absence of authority to use cash collateral will also impair the debtor's ability to reorganize and, on information and belief, Peoples will not consent to the use of its cash collateral to hire new counsel to the debtor if current counsel is permitted to withdraw.

## CAUSE FOR CONVERSION

16. Cause exists to dismiss this case or to convert it to one under chapter 7, based on Debtor's inability to reorganize under chapter 11. Under 11 U.S.C. §1112(b)(4)(A), the ongoing loss to or diminution of the estate and an absence of a likelihood of rehabilitation is cause for conversion to chapter 7.

17. Here, there is no chance the debtor can reorganize. The debtor's sworn MORs show it has lost money in both December and January. The debtor's lenders have refused further use of cash collateral because the collateral base is diminishing, and the debtor's contract with BarPellam apparently cannot be sustained. As a result, without being able to generate sufficient income in the future, and because of the future impairment to its employee placement business, the debtor is facing ongoing losses to the estate, a diminution of the estate and the business, and an absence of any likelihood whatsoever that the business can be rehabilitated. As a result of the losses from operations and the inability to reorganize, cause exists to convert or dismiss the case to chapter 7 under §1112(b)(4)(A).

18. Additional cause to convert or dismiss exists based on the debtor's inability to confirm a plan. The tax debt owed the IRS alone totals $1,384,269.96. Under U.S.C. §1129(a)(9)(C), the debtor needs to pay this within five years of the petition date. If a plan and disclosure statement were filed today, the plan could not be confirmed before about June 1, 2017, which is six months after the petition date. As a result, the full repayment of the IRS would have to take place in 54 months. Amortizing $1,384,269.96 over 54 months at 4 percent interest would require monthly payments of not less than $28,053.50. The debtor's historic cash flow does not come close to being able to support such plan payments. Moreover, this payment is just for the IRS. Any plan to be confirmed would also need to treat the MDR and Iowa taxing authorities similarly. There would also need to be provisions for repaying the $1,796,438.46 secured obligation owed to Peoples Bank Midwest. Simply put, it is mathematically impossible for this debtor to meet the plan repayment requirements of chapter 11. The inability to confirm and consummate a plan is additional cause for conversion to chapter 7. See §1112(b)(4)(M).

19. At the time this motion is heard, the court will have likely decided both the motion for continued use of cash collateral and the motion by debtor's attorneys to withdraw as counsel. Given debtor's inability to generate new business due to contract problems with BarPellum and its declining collateral base, it appears unlikely that the court will authorize additional use of Peoples' collateral going forward. The inability to continue to use cash collateral without court authorization is additional cause for conversion. See §1112(b)(4)(D).

20. Likewise, the absence of counsel, for a debtor that is a limited liability company, leaves this debtor unable to advance any reorganization efforts whatsoever. See Fed. R. Bankr. P. 9010(a). Further, it appears the debtor cannot hire new counsel without using the cash

collateral of Peoples, and Peoples will not consent to such use.

## CONCLUSION

21. The debtor is nearing the point where it is completely unable to remain in business. It has no chance at reorganization and no purpose is served by its remaining under chapter 11. The debt structure is such that no plan can be confirmed, and the parties on which the debtor depends for its business, such as BarPellum and its lender, Peoples Bank, have lost all confidence in the debtor and its management. More importantly, the debtor and its attorneys cannot agree on a way out of chapter 11, and the debtor will be unable to replace its counsel. As a result, there should immediately be a conversion of the case to chapter 7. Accordingly, it is appropriate for the court to convert the case to chapter 7 forthwith.

22. Conversion to chapter 7 is a better alternative than dismissal because, as set forth above, the debtor's president's brother owned and operated Syglow, and a chapter 7 trustee is appropriate in this case to provide independent review of any transactions between Syglow and the debtor.

23. The Debtor is not a person described in 11 U.S.C. §1112(c). The Debtor is qualified to be a debtor under chapter 7.

24. The United States Trustee believes that the foregoing constitutes cause for conversion or dismissal of the case. The United States Trustee believes that conversion to chapter 7 immediately is appropriate.

WHEREFORE, the United States Trustee moves the Court for an order dismissing this case, or alternatively converting it to a case under chapter 7, and for such other relief as may be just and equitable. The United States Trustee submits that the cases should be converted to chapter 7 forthwith, since doing so is in the best interests of all creditors.

Dated: March 14, 2017

DANIEL M. McDERMOTT
United States Trustee
Region 12

By:    /s/ Michael R. Fadlovich
MICHAEL R. FADLOVICH
Trial Attorney
MN Attorney I.D. No. 158410
United States Trustee's Office
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
(612) 334-1356

# Exhibit A

DEBTOR: Synico Staffing LLC    CASE NO: 1643471

## Form 2-D
## PROFIT AND LOSS STATEMENT
For Period Dec, 1, 2016 to Dec, 31, 02016

| | Current Month | Accumulated Total (1) |
|---|---:|---:|
| Gross Operating Revenue | $ 524,298 | $ 524,298 |
| Less: Discounts, Returns and Allowances | ( 0 ) | ( 0 ) |
| **Net Operating Revenue** | $ 524,298 | $ 524,298 |
| Cost of Goods Sold | 533,762 | 533,762 |
| **Gross Profit** | $ -9,464 | $ -9,464 |
| Operating Expenses | | |
| Officer Compensation | $ 8,400 | $ 8,400 |
| Selling, General and Administrative | 0 | 0 |
| Rents and Leases | 5,634 | 5,634 |
| Depreciation, Depletion and Amortization | 0 | 0 |
| Other (list): | 32,519 | 32,519 |
| **Total Operating Expenses** | $ 46,553 | $ 46,553 |
| **Operating Income (Loss)** | $ -56,017 | $ -56,017 |
| Non-Operating Income and Expenses | | |
| Other Non-Operating Expenses | $ 0 | $ 0 |
| Gains (Losses) on Sale of Assets | 0 | 0 |
| Interest Income | 0 | 0 |
| Interest Expense | -5,323 | -5,323 |
| Other Non-Operating Income | 0 | 0 |
| Net Non-Operating Income or (Expenses) | $ -5,323 | $ -5,323 |
| Reorganization Expenses | | |
| Legal and Professional Fees | $ 14,250 | $ 14,250 |
| Other Reorganization Expense | 505 | 505 |
| Total Reorganization Expenses | $ 14,755 | $ 14,755 |
| **Net Income (Loss) Before Income Taxes** | $ -76,095 | $ -76,095 |
| Federal and State Income Tax Expense (Benefit) | 0 | 0 |
| **NET INCOME (LOSS)** | $ -76,095 | $ -76,095 |

(1) Accumulated Totals include all revenue and expenses since the petition date.

Page 1 of 1
Rev 01/01/08

DEBTOR: Synico Staffing, LLC    CASE NO: 16-43471

## Form 2-D
## PROFIT AND LOSS STATEMENT
For Period 01/01/17 to 01/31/17

| | Current Month | Accumulated Total (1) |
|---|---|---|
| Gross Operating Revenue | $ 456984 | $ 981282 |
| Less: Discounts, Returns and Allowances | ( 0 ) | ( 0 ) |
| **Net Operating Revenue** | $ 456984 | $ 981282 |
| Cost of Goods Sold | 414911 | 948673 |
| **Gross Profit** | $ 42073 | $ 32609 |
| Operating Expenses | | |
| Officer Compensation | $ 8400 | $ 16800 |
| Selling, General and Administrative | 0 | 0 |
| Rents and Leases | 5693 | 11327 |
| Depreciation, Depletion and Amortization | 0 | 0 |
| Other (list): | 35920 | 68439 |
| | 0 | 0 |
| **Total Operating Expenses** | $ 50013 | $ 96566 |
| **Operating Income (Loss)** | $ -7940 | $ -63957 |
| Non-Operating Income and Expenses | | |
| Other Non-Operating Expenses | $ 0 | $ 0 |
| Gains (Losses) on Sale of Assets | 0 | 0 |
| Interest Income | 0 | 0 |
| Interest Expense | -7500 | -12823 |
| Other Non-Operating Income | 0 | 0 |
| Net Non-Operating Income or (Expenses) | $ -7500 | $ -12823 |
| Reorganization Expenses | | |
| Legal and Professional Fees | $ 0 | $ 14250 |
| Other Reorganization Expense | 592 | 1097 |
| Total Reorganization Expenses | $ 592 | $ 15347 |
| **Net Income (Loss) Before Income Taxes** | $ -16032 | $ -92127 |
| Federal and State Income Tax Expense (Benefit) | 0 | 0 |
| **NET INCOME (LOSS)** | $ -16032 | $ -92127 |

(1) Accumulated Totals include all revenue and expenses since the petition date.

Page 1 of 1
Rev. 01/01/08

## VERIFICATION

I, Michael R. Fadlovich, attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: March 14, 2017          Signed:   s/Michael R. Fadlovich
                                              MICHAEL R. FADLOVICH
                                              Trial Attorney

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                  )
                                        )
SYNICO STAFFING, LLC                    )    Bankruptcy #16-43471
                                        )
                                        )    Chapter 11 Bankruptcy Case
                                        )

---

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONVERT OR DISMISS

---

The United States Trustee, by the undersigned attorney, submits this memorandum in support of the motion to dismiss this case or convert it to a Chapter 7 case.

A proceeding to dismiss a case or convert a case to another chapter is governed by 11 U.S.C. §1112 and FED R. BANKR. P. 9014.  A request for dismissal or conversion of a case shall be made by motion.  A motion to dismiss or a motion to convert a case shall be deemed a motion either to dismiss or to convert, whichever is in the best interest of creditors and the estate. Local. R. Bankr. P. 1017-2.  A case may be converted to a Chapter 7 case if the debtor may be a debtor under Chapter 7.  11 U.S.C. §1112(f).

Under 11 U.S.C. §1112(b), the specific requirements for the conversion or dismissal of a chapter 11 case are set forth.  That section provides:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best

interests of creditors and the estate, and the debtor or any other party in interest establishes that

    (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

    (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)C

        (i) for which there exists a reasonable justification for the act or omission; and

        (ii) that will be cured within a reasonable period of time fixed by the court.

. . .

(4) for purposes of this subsection, the term Acause@ includes

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B) gross mismanagement of the estate;

    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

    (E) failure to comply with an order of the court;

    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

    (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee . . . .

    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

    (J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court,

    (K) failure to pay any fees or charges required under chapter 123 of title 28;

    (L) revocation of an order of confirmation under section 1144 ;

    (M) inability to effectuate substantial consummation of a confirmed plan;

    (N) material default by the debtor with respect to a confirmed plan;

    (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

    (P) failure of the debtor to pay any domestic support obligations that first becomes payable after the date of the filing of the petition.

11 U.S.C. §1112(b).

Cause for conversion or dismissal is not limited to the reasons expressed in §1112(b), (e).

11 U.S.C. 102(3); Moody v. Security Pac. Business Credit, Inc., 85 B.R. 319, 352-53 (W.D. Pa.

1988).   In this case, cause is based on the debtor's inability to confirm a plan, due to excessive tax debt, as well as a total lack of support by all creditors and other parties in interest.   The debtor has no ability to generate sufficient long term cash flow with which to reorganize. Further, the debtor's counsel is withdrawing from the representation and it appears the debtor cannot obtain new counsel.   As a result there is an inability to reorganize under chapter 11, as described in the U.S. Trustee's motion.

"The purpose of §1112(b)(1) is to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation."   Loop v. U.S. Trustee, 379 F.3d 511, 515 (8th Cir 2004), citing In re Lizeric Realty Corp, 188 B.R. 499, 503 (Bankr. S.D. N.Y 1995).     The parties to a case are entitled to rely on facts established in the record in making a case for conversion or dismissal under §1112(b). Loop, at 518.

Based on the foregoing, cause exists to immediately dismiss the case, or to convert the case to chapter 7.

                                            Respectfully submitted,
                                            DANIEL M. McDERMOTT
                                            United States Trustee

Dated March 14, 2017              By      s/Michael R. Fadlovich
                                                MICHAEL R. FADLOVICH
                                                Trial Attorney
                                                MN Attorney I.D. No. 158410
                                                U.S. Trustee's Office
                                                1015 U.S. Courthouse
                                                Minneapolis, MN   55415
                                                (612) 334-1356

# **CERTIFICATE OF SERVICE**

| | |
|---|---|
| In re: | ) |
| | ) |
| SYNICO STAFFING, LLC | )   Bankruptcy #16-43471 |
| | ) |
| | )   Chapter 11 Bankruptcy Case |
| | ) |

     The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers. That on March 14, 2017, he caused to be served a copy of the attached: United States Trustee's Motion to Convert Case to Chapter 7 or to Dismiss case, with supporting Memorandum, Proposed Order, and Certificate of Service, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

Synico Staffing, LLC
3033 Excelsior Blvd., #495
Minneapolis, MN 55416-5227

Yvonne R. Doose
Steven B Nosek P A
2855 Anthony Ln S Ste 201
St Anthony, MN 55418

Steven B Nosek
Steven Nosek
2855 Anthony Ln S Ste 201
St Anthony, MN 55418

Richard Salmen, Esq.
Felhaber Larson
220 S. Sixth Street Suite 2200
Minneapolis, MN 55402

Paul Ratelle, Esq.
Fabyanske Westra Hart
333 South Seventh St. Suite 2600
Minneapolis, MN 55402

Ryan Murphy, Esq
Fredrikson & Byron
200 S. Fourth St. Suite 4000
Minneapolis, MN 55402

Michael Kreun, Esq.
Beisel & Dunlevy
282  730 Building
730 S. Second Ave.
Minneapolis, MN    55402

Other creditors were served either via the court's CM/ECF case management system or separately by the clerk as provided for in it separate certificate of service.

                              **By:**  **e/Michael R. Fadlovich**
                                        Michael R. Fadlovich
                                        Trial Attorney
                                        MN Atty I.D. No. 158410
                                        U.S. Trustee's Office

        300 South Fourth St., #1015
        Minneapolis, MN   55415
        (612) 334-1356

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: )
)
SYNICO STAFFING, LLC ) Bankruptcy #16-43471
)
) Chapter 11 Bankruptcy Case
)

O R D E R

The above-entitled chapter 11 cases came before the court on the motion of the United States Trustee seeking an order dismissing or converting the case to one under chapter 7. Michael R. Fadlovich appeared on behalf of the U.S. Trustee.  Other appearances were as noted in the record.

Based upon the motion filed by the U.S. Trustee, the findings of the court on the record, and all of the files, records and proceedings herein, it is hereby ORDERED:

That the chapter 11 case of Synico Staffing, LLC is converted to a case under chapter 7.

_____
WILLIAM J. FISHER
United States Bankruptcy Judge